UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TITO JONATHAN AVILA PERDOMO,

                  Petitioner,

v.

UNKNOWN PARTY et al.,

                  Respondents.

_____/

Case No. 1:26-cv-1530

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a new bond hearing. (Pet., ECF No. 1, PageID.3.)[1]

---

[1] In addition to filing the § 2241 petition, Petitioner filed a motion in this action seeking expedited review of the case and immediate release, as well as a motion requesting a stay of removal during the pendency of the action. (ECF Nos. 4, 5.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition without prejudice. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motions.

In an Order entered on May 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response on May 15, 2026, (Resp., ECF No. 8), and a recording of the March 16, 2026, bond hearing on May 29, 2026, (Recording of Mar. 16, 2026, Bond Hearing, filed on May 29, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2017 "as a nonimmigrant Visitor For Pleasure (B2) with authorization to remain in the United States for a temporary period not to exceed April 21, 2018[.]" (Notice to Appear (NTA), ECF No. 8-2, PageID.82.) On December 31, 2025, Petitioner was arrested by ICE. (Form I-213, ECF No. 8-1, PageID.79.)

On March 16, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 8-3, PageID.87.) At the conclusion of the March 16, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating that Petitioner "is a danger to the community" because Petitioner "has 2 arrests for DUI within the past 30 months." (*Id.*)

In an order entered on April 16, 2026, the Detroit Immigration Court ordered that Petitioner be removed to Venezuela. (Removal Order, ECF No. 8-5, PageID.91–93.) Petitioner appealed that order to the Board of Immigration Appeals (BIA), and that appeal remains pending. (Pet., ECF No. 1, PageID.1–2.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[2] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

---

[2] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien."

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues, *inter alia*, that the bond hearing Petitioner received on March 16, 2026, in the Detroit Immigration Court was constitutionally inadequate. Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 4, 2026                              /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge

---

8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").